# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| STEPHEN DENU, | § | |
| | § | |
| Plaintiff, | § | Civil Action No. |
| | § | |
| v. | § | |
| | § | **Jury Trial Demanded** |
| RECEIVABLES PERFORMANCE MANAGEMENT, | § § § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

STEPHEN DENU ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against RECEIVABLES PERFORMANCE MANAGEMENT ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States..

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

## PARTIES

4. Plaintiff is a natural person residing in Coriscana, Texas.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692(k)(a) and <u>Wenrich v. Cole</u>, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8. Defendant is a corporation with its corporate headquarters located at 20816 44th Ave., West Lynnwood, WA 98036.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Debt collection is the principal purpose of the Defendant's business.

12. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

14. Plaintiff has a cellular telephone number.

15. Plaintiff has only used this phone number as a cellular telephone.

16. At all relevant times, Defendant attempted to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

17. Plaintiff does not have any business debts, so the debt that Defendant has been calling Plaintiff regarding could only have been incurred for personal, family or household purposes.

18. By way of background, Defendant first began calling Plaintiff on his cellular telephone in October 2015.

19. Defendant placed calls from telephone numbers including, but not limited to (425) 412-2559. The undersigned has confirmed that this phone number belongs to the Defendant.

20. In or around October 2015, Plaintiff told Defendant to stop calling.

21. Plaintiff reiterated his request for calls to stop on several occasions

thereafter.

22. However, Defendant ignored that request and continued to call Plaintiff repeatedly and continuously through April 2017.

23. Once Defendant knew its calls were unwanted there was no lawful purpose in continuing to call Plaintiff.

24. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

25. Defendant's calls were particularly irritating to Plaintiff because Defendant would often call Plaintiff while he was driving his truck at work.

26. After Plaintiff's repeated requests to stop these calls were ignored by Defendant, he had no other option but to install a blocking application to his cellular telephone to block calls from their phone number.

## COUNT I
### DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

29. Defendant violated §§1692d and d(5) when it called Plaintiff repeatedly between July 2016 and April 2017 knowing its calls were unwanted.

# COUNT II
## DEFENDANT VIOLATED THE TCPA

30. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

31. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

32. Defendant's calls to Plaintiff were not made for emergency purposes.

33. Defendant's calls to Plaintiff, on and after Plaintiff revoked consent, were not made with Plaintiff's prior express consent.

34. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

35. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

36. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STEPHEN DENU, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

    h. Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STEPHEN DENU, demands a jury trial in this case.

DATED: July 21, 2017

KIMMEL & SILVERMAN, P.C.
By:   /s/Amy L. B. Ginsburg
Amy L. B. Ginsburg, Esq.
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com